# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### February 10, 2016 Session

## IN RE AVA B.

### Appeal from the Juvenile Court for Knox County
### No. 112997    Timothy E. Irwin, Judge

---

### No. E2015-01413-COA-R3-JV-FILED-FEBRUARY 19, 2016

---

The petitioner in this parenting dispute appeals the trial court's order entered September 17, 2015.  Having determined that the order at issue is not a final order, we dismiss the appeal for lack of subject matter jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and JOHN W. MCCLARTY, JJ., joined.

Robin Phillips Gunn, Knoxville, Tennessee, for the appellant, Susan M.

L. Caesar Stair, III, Margo J. Maxwell, and Elizabeth Lea Towe, Knoxville, Tennessee, for the appellee, Warren B.

### MEMORANDUM OPINION[1]

The original petitioner, Susan M. ("Mother"), and the original respondent, Warren B. ("Father"), have one child together, a daughter, Ava B. ("the Child").  The trial court's order entered September 17, 2015, includes findings of fact and conclusions of law regarding the residential co-parenting schedule that the court found to be in the best interest of the Child.  The order does not address child support.

---

[1] Tennessee Court of Appeals Rule 10 provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

In a petition filed May 21, 2013, Father requested that the trial court, *inter alia*, "apportion the appropriate child support pursuant to the Child Support Guidelines." In an order entered August 11, 2014, the trial court, *inter alia*, stated that "child support issues in this matter will be heard in Knox County before Magistrate Stanley Briggs." Although the magistrate's subsequent findings and recommendations are not in the record before us on appeal, it is undisputed that the magistrate entered written findings and recommendations on August 27, 2015, *nunc pro tunc* to a hearing conducted on June 10, 2015. It is also undisputed that the parties each respectively filed timely notices of appeal of the magistrate's order with the trial court judge and that said appeals were still pending at the time of oral argument before this Court. Furthermore, the trial court has not certified the September 17, 2015 order at issue here as a final judgment pursuant to Tennessee Rule of Civil Procedure 54.02.

We therefore determine that the order of September 17, 2015, is not a final order. An order that does not adjudicate all the claims between all the parties is "subject to revision at any time before entry of a final judgment" and is not appealable as of right. *See* Tenn. R. App. P. 3(a). *See also In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) ("A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'") (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)).

Inasmuch as this appeal was taken from an order that was not final, we lack subject matter jurisdiction. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). Accordingly, we must dismiss the appeal.

The appeal of this matter is dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. This case is remanded to the trial court for further proceedings consistent with this opinion. Costs on appeal are taxed to the appellant, Susan M.

                                      _____

                                        THOMAS R. FRIERSON, II, JUDGE